NO. 07-03-0492-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 27, 2004
_____

MICHAEL GLEN SCOTT,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. W-30,473-01-B; HON. SAMUEL KISER, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant, Michael Glen Scott (Scott), filed with this court, on November 20, 2003, a notice of appeal wherein he seeks to appeal his conviction based on findings from "DNA testing," among other things. Also before us are several other motions he filed.[1] We dismiss for want of jurisdiction and deny all motions filed in this cause as moot.

_____

[1]The motions are entitled as follows: 1) "Motion Rule 22. Arrest of Judgment," 2) "Motion Request Appointed Counsel, Rule 6.4(B)," 3) "Motion Formal Bills of Exception Rule 33.2," 4) "Motion Rule 32.2 Supplemental Statements" (this motion requests that appellant be allowed to correct statements made in the docketing statement filed with this court), 5) "Motion Rule 69.Action of Court on Petition for Discretionary Review and after Granting Review," 6) "Motion New Trial on Rule 44.2 Reversible Error in a Criminal Case (a) Constitutional Error," and 7) "Motion New Trial Article 40.001 on Material Evidence, Rule 22.6 Granting Rule 31.1, Rule 31.2, Rule 296 Finding of facts, Rule 51.2 Judgment of Acquittal."

Though difficult to understand, Scott asks us to reverse his 1996 conviction for aggravated assault. He believes he is entitled to reversal because he was denied opportunity to undergo DNA testing at the time of his arrest or shortly thereafter. To the extent that he attacks his conviction, he must file his notice of appeal within 30 or 90 days of the date the trial court sentenced him in open court. TEX. R. APP. P. 26(a). Given that he was sentenced in 1996 and his notice of appeal was not filed until November of 2003, his attempt to appeal is untimely. Thus, we have no jurisdiction over the cause. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

To the extent that his notice and various motions can be construed as a request for DNA testing under art. 64.01 of the Texas Code of Criminal Procedure, we again find that we have no jurisdiction over the matter. That statute provides a convicted person the opportunity to request forensic DNA testing. However, the request must be presented to the "convicting court." TEX. CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp. 2004). This appellate court was and is not the convicting court. Scott was tried and convicted in the 181st Judicial District Court for Potter County. Moreover, the record before us contains no order illustrating that the 181st Judicial District Court denied him any relief under art. 64.01 of the Code of Criminal Procedure. So, there is no final order implicating that article that vests us with jurisdiction over the matter.

Finally, to the extent that the various documents Scott has filed may be construed as an application for writ of habeas corpus under art. 11.07 of the Code of Criminal Procedure, we are again without jurisdiction over the matter. Only the Texas Court of Criminal Appeals may grant relief under that article. *See* TEX. CODE CRIM. PROC. ANN. art.

2

11.07 (Vernon Supp. 2004) (stating that after final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals).

Accordingly, we dismiss the appeal for want of jurisdiction. Furthermore, all of the motions filed in this cause are denied as moot.

Brian Quinn
Justice

Do not publish.

3